17-3085-cr
United States v. Anthony Vazzano

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of January, two thousand nineteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

          v.                                                    17-3085-cr

ANTHONY VAZZANO, AKA Tony the Wig, AKA Muscles,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Lorraine Gauli-Rufo, LGR Law, LLC, New York, N.Y.

Appearing for Appellee:      Amanda Kramer, Assistant United States Attorney (Won S. Shin, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED IN PART** and **REMANDED**.

      Appellant Anthony Vazzano appeals from part of the September 12, 2017, judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) entered following his conviction, after a plea of guilty, for operating an illegal gambling business in violation of 18 U.S.C. § 1955. The court ordered him to forfeit $59,540, which Vazzano conceded represents the proceeds he received from the commission of the offense. Vazzano expressly consented to a money judgment in that amount. Apparently because Vazzano was presently unable to pay that amount, the judgment directed him to pay it in monthly installments of ten percent of his gross monthly income. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      Vazzano argues that the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), requires us to vacate the $59,540 money judgment. We need not reach that issue, however, because Vazzano consented to the entry of the money judgment in this case. Having consented to the money judgment, he cannot now contest it on appeal. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)); *United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995) ("[W]aiver necessarily extinguishes the claim altogether." (internal quotation marks omitted)).

      We have considered the remainder of Vazzano's arguments and find them to be without merit. Although we find no merit to Vazzano's arguments, the government has consented to a remand to the district court so that it can make the substitute asset determinations that 21 U.S.C. § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure contemplate. Vazzano agreed to such a remand. Accordingly, the case is REMANDED for that limited purpose with authorization to the district court to alter or amend the sentence.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk